UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
* * * * * * * * * * * * * * * * * * *
                                    *
JAMES J. POTEAT                     *
                                    *    No. 04cv30016-KPN
            Plaintiff,              *
                                    *
     v.                             *
                                    *
UNITED STATES OF AMERICA,           *
                                    *
            Defendants.             *
                                    *
* * * * * * * * * * * * * * * * * * *
```

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

The United States of America submits this memorandum of law in support of its motion to dismiss the plaintiff's complaint for a lack of subject matter jurisdiction and failure to state a claim. First, the court lacks subject matter jurisdiction because the plaintiff failed to file the requisite administrative claim under the Federal Tort Claims Act. Second, the claim is moot because the plaintiff has received and cashed his paychecks. Finally, to the extent the plaintiff alleges retaliation for union activities, such claims fall within the exclusive jurisdiction of the National Labor Relations Board ("NLRB").

### STATEMENT OF FACTS

The plaintiff, James Poteat, an employee of the United States, filed this action in small claims court on or about February 28, 2003, alleging that his supervisors had wrongfully withheld his February 14, 2003, paycheck in retaliation for his union activity. On January 26, 2004, the United States Attorney

certified that the individual defendants were acting within the scope of their employment. Accordingly, the United States was substituted as the defendant and the case was removed to federal court.

The plaintiff cashed the February 14, 2003, paycheck or before March 4, 2003. See Ex. A and B. The plaintiff has not filed an administrative claim with the United States Postal Service pursuant to the Federal Tort Claims Act. See Ex. C.

## ARGUMENT

I. THE COURT LACKS SUBJECT MATTER JURISDICTION OVER THE PLAINTIFF'S CLAIM

The court lacks subject matter jurisdiction because the plaintiff failed to file the required administrative claim. The United States as sovereign is immune from suit except to the extent it consents to be sued. United States v. Sherwood, 312 U.S. 584, 586 (1941). Absent a "clear relinquishment" of that immunity, a court has no jurisdiction over tort actions against the United States. Dalehite v. United States, 346 U.S. 15, 30-31 (1953). While the Federal Tort Claims Act permits suits against the United States for money damages, the plaintiff must first file an administrative claim with the government agency. 28 U.S.C. §§ 2401(b), 2675. The plaintiff has not filed the required claim. Exhibit C. Therefore, the plaintiff's complaint must be dismissed. Kokaras v. United States, 980 F.2d 20, 22 (1st Cir.1992).

II. THE PLAINTIFF'S CLAIM IS MOOT

The plaintiff's lawsuit should be dismissed because he has received and cashed his paycheck; therefore, his claim is moot. The plaintiff's lawsuit alleges that his supervisors wrongfully withheld his February 14, 2003, paycheck. Postal Service records, including a copy of the cancelled check, demonstrate that the paycheck was endorsed by the plaintiff and presented for payment. Ex. A and B. Therefore, the plaintiff's complaint should be dismissed as moot. See Thomas R.W. v. Massachusetts Department of Education, 130 F.3d 477, 479 (1st Cir. 1997) (claim should be dismissed as moot when the issues are "no longer 'live').

III. THE COURT LACKS JURISDICTION OVER PLAINTIFF'S RETALIATION CLAIMS

To the extent the plaintiff claims any continuing injury based on alleged retaliation for union activities, the claim must be dismissed because the NLRB has exclusive jurisdiction. San Diego Building Trades Council v. Garmon, 359 U.S. 236 (1959) (when activity is subject to Section 7 or 8 of the National Labor Relations Act, the courts must defer to the exclusive jurisdiction of the NLRB). Allegations of retaliation for union activity fall within the exclusive jurisdiction of the NLRB. Tamburello v. Comm-Tract Corporation, 67 F.3d 973, 978 (1sy Cir. 1995). Therefore, the complaint must be dismissed.

CONCLUSION

For the foregoing reasons, the United States respectfully requests that the court dismiss the complaint.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: /s/ Karen L. Goodwin
KAREN L. GOODWIN
Assistant U.S. Attorney
1550 Main Street
Springfield, MA 01103
413-785-0235

Dated: January 27, 2004

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the within document was served on this day by mail on James Poteat, 12 Parker Avenue, Westfield, MA 01085.

/s/ Karen L. Goodwin
KAREN L. GOODWIN

4

## AFFIDAVIT OF BERNHARD A. MARZELL

Bernhard A. Marzell, for his declaration pursuant to 28 U.S.C. § 1746, declares as follows:

1. I am employed by the United States Postal Service. I currently hold the position of Accounting Specialist at the Information Technology/Accounting Service Centers in Eagan, Minnesota. I have held this position since September, 2002, and I have been employed by the Postal Service since 1980.

2. At the request of an attorney in the United States Postal Service Law Department in Windsor, Connecticut, I searched the Postal Service's computerized "Commercial Check Tracking System" to ascertain whether a paper paycheck issued to postal employee James Poteat for Pay Period 04, 2003, dated February 14, 2003, was ever presented for payment.

3. I ascertained that paper check number 13339609, drawn on Citibank and dated February 14, 2003, was presented for payment and was paid on March 4, 2003. Attached hereto is a printout of the computer screen which evidences this fact.

I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief. Executed in Eagan, Minnesota this 13th day of January, 2004.

BERNHARD A. MARZELL



EXHIBIT A



## Code Maintenance

CODE TYPE: BA

CODE NAME: Bank Action Codes

| Code | Description | Override Flag |
|------|-------------|---------------|
| 0 | Cleared | ☐ |
| 1 | Canceled | ☐ |
| 2 | Stop | ☐ |
| 3 | Paid Without Issue | ☐ |
| 4 | Issued/Outstanding | ☐ |
|   |             | ☐ |
|   |             | ☐ |
|   |             | ☐ |
|   |             | ☐ |

[SAVE]   [DELETE]   [CLOSE]

Oracle Forms Runtime

File  Field  Record  Window  Help

## Bank Maintenance

### Bank Information

☐ INCLUDE ALL BANKS    H  Citibank-Payroll    ACTIVE

[DEACTIVATE BANK]  [ACTIVATE BANK]  [ADD BANK]

### Accounting/Contact Information

| | Number | Use | Status | ISC |
|---|---|---|---|---|
| Account | 38546594 | Payroll | ACTIVE | Minneapolis |

Address: One Penn's Way

City: New Castle    State: DE    ZIP Code: 19720

[DEACTIVATE ACCOUNT]  [ACTIVATE ACCOUNT]  [ENTER ACCOUNT INFO]  [SAVE ACCOUNT]

[CLEAR]  [CLOSE]  [CONTACT]

Print
Record: 1/1    <OSC> <DBG>

## AFFIDAVIT OF WILLIAM J. SULLIVAN

William J. Sullivan, for his declaration pursuant to 28 U.S.C. § 1746, declares as follows:

1. I am employed by the United States Postal Service. I currently hold the position of Disbursing Specialist at the Disbursing Stop Pay Unit in the Accounting Service Center in Eagan, Minnesota. I have held this position since approximately 1991, and I have been employed by the Postal Service since 1980.

2. At the request of an attorney in the United States Postal Service Law Department in Windsor, Connecticut, I obtained a copy of the front and back of a paper paycheck issued to postal employee James Poteat for Pay Period 04, 2003, dated February 14, 2003.

3. I am attaching to this Affidavit a copy of the front and back of paper check number 13339609, drawn on Citibank and dated February 14, 2003. The copy reveals that the check was negotiated and presented for payment to the issuing bank, Citibank.

I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief. Executed in Eagan, Minnesota this 13 day of January, 2004.

_____
WILLIAM J. SULLIVAN

EXHIBIT
B

1/13/2004   12:21 PM





| CDVol | MSKey | Account | Serial Number | Amount |
|---|---|---|---|---|
| 2003 | 205 | 38546594 | 13339609 | $868.42 |

| Bank | Sequence | Location | Paid Date | |
|---|---|---|---|---|
| 3110 | 0432275 | CD | 03/04/2003 | |

Print ... g A cord Ap lica ion                                    Page 1

## DECLARATION OF DIANE TAYLOR

Pursuant to the authority of 28 U.S.C. § 1746, I make the following declaration:

1. I am over 21 years of age, and know and understand the obligations of oath.

2. I am employed as a Paralegal Specialist by the United States Postal Service (Postal Service). My office is located at 8 Griffin Road North, Windsor, CT 06006-0170. I have been employed by the Postal Service since 1996.

3. On January 14, 2004 I conducted a reasonable search of United States Postal Service files, to determine whether plaintiff James D. Poteat had filed administrative tort claims pursuant to the Federal Tort Claims Act or currently has outstanding tort claims against the Postal Service. I personally searched the Postal Service Law Department's nationwide automated administrative tort claim tracking system. My search indicates no such claim has been filed, nor is any such claim pending against the Postal Service by plaintiff James D. Poteat in this matter.

I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed at Windsor, Connecticut this 14th day of January, 2004.

_Diane Taylor_
Diane Taylor

